## Charney v. Robb

*William E. Moot,* for plaintiff.
*R. Thomas Strayer,* for defendant.

ABOOD, *J.,* March 25, 1980—On April 19, 1977, at approximately 8:00 a.m., Chad Michael Charney, age five, was struck by a vehicle being operated by Marilyn J. Robb, defendant. Mrs. Robb was traveling in a westerly direction on Route 869, an open highway, when she observed a group of school students on the north side of the highway. As she approached the students, Chad Charney came out into the roadway from the south side of the highway. Testimony indicated decedent was struck by defendant's vehicle while on the paved highway surface.

A wrongful death and survival action was instituted by Michael and Patricia Charney, the parents of Chad Michael. A jury trial was held and a verdict returned in the amount of $4,200 on the wrongful death claim and $45,800 on the survival claim. Defendant has filed a motion for new trial and for judgment n.o.v.

• • •

VIII. Should the verdict be reduced or molded as a result of the funeral expense recovery, the sur-

vivor's loss benefit and by the work loss benefit as provided for under the No-fault Act?

This issue is the most troublesome of all raised by the defense.

Both parties agree that the wrongful death portion of the verdict should be reduced by the funeral expense recovery under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. Thus, $1,500 should be subtracted from the verdict of $4,200 leaving a balance on the wrongful death claim of $2,700.

Defendant asserts that the verdict should be reduced by $5,000. This amount represents the maximum survivor's loss benefit payable under the No-fault Act. We must disagree with defendant's argument on this point.

In order for a survivor of a decedent to recover the $5,000 benefit he must either be a spouse or demonstrate actual dependency upon the decedent: Midboe v. State Farm Mutual Automobile Ins. Co., 8 D. & C. 3d 83, 37 Lehigh 425 (1978), aff'd per curiam 261 Pa. Superior Ct. 447, 395 A. 2d 991 (1978); Saur v. Travelers Ins. Co., 60 Erie 107 (1977). Mr. and Mrs. Charney did not even attempt to show dependency upon their five year old son. Since they could not have possibly recovered the survivor's loss under the No-fault Act the verdict they are to receive should not be reduced by that amount.

Determining the propriety of reducing the verdict by the $15,000 maximum work loss benefit is a much more difficult matter. In 1979 the Pennsylvania Superior Court, speaking through President Judge Cercone, overruled a number of county court decisions and stated that the work loss benefit was

recoverable by the survivors of a deceased victim: Heffner v. Allstate Ins. Co., ____ Pa. Superior Ct. ____, 401 A. 2d 1160, 1166 (1979). In Heffner, the court pointed out that the No-fault Act limited traditional tort liability against third persons for lost earnings to the extent they exceed $15,000: 40 P.S. §1009.202(b). However, under the interpretation proposed by the insurance company this threshold could never be reached because a deceased victim does not qualify for work loss benefits. The result is that recovery for lost earnings is eliminated entirely. The Heffner court states that such an interpretation is contrary to Article III, §18 of the Pennsylvania Constitution. Id. at 1165. This section provides that the General Assembly may not limit "the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in the case of death from such injuries, the right of action shall survive. . . ." In light of this constitutional mandate the court was compelled to rule the work loss benefit was available to death cases.

The problem which arises is how we should calculate the work loss benefit when it is to apply to a five year old boy. The survival action verdict does not segregate the amount according to pain and suffering versus economic loss. It is therefore impossible to determine exactly what part of the $45,800 represents loss of future earnings. We are, however, able to formulate judgment on this matter based on the expert testimony of the economist who was presented by plainitffs. The economist concluded that the present worth of Chad Carney's lost earnings was $16,496.07. We feel fairly confident in stating that at least $16,496.07 of the survival verdict represents compensation for Chad's lost

earnings. Plaintiffs should have been able to recover the $15,000 work loss benefit under the No-fault Act since they could prove at least that amount existed. Therefore, we feel the survival verdict should be reduced by $15,000 leaving a balance of $30,800.

We feel it is incumbent upon us to point out that at the time of the accident, and up until April of 1979, case law would have suggested an opposite result with respect to work loss. Plaintiffs should not be prejudiced by the unpredictable development of law in this area. We feel that if plaintiffs were refused the work loss benefit by their insurance company that they should now be permitted to reapply and receive that benefit. Nor can we penalize the defense by permitting, under the No-fault Act, the recovery of the $15,000 work loss benefit or in turn to permit a double recovery. Consequently plaintiffs must look to their carrier for the initial $15,000 work loss benefit and to defendant's carrier for the excess as well as for compensation for pain and suffering.

Accordingly, the following order is entered.

## ORDER

And now, March 25, 1980, after considering the briefs and arguments of counsel, the motions for new trial and for judgment n.o.v. filed on behalf of defendant are hereby dismissed except that pursuant to the applicable provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act, the verdict of the jury is molded to read that a verdict of $2,700 is awarded plaintiffs under the wrongful death action (that is the original verdict of $4,200 is reduced by $1,500 for funeral expenses) and that a

148

verdict of $30,800 is awarded plaintiffs under the survival action (that is the original verdict of $45,800 is reduced by $15,000 for the work loss benefit) making the total verdict to be entered against defendant and in favor of plaintiffs in the amount of $33,500 and the prothonotary is directed to enter judgment upon the verdict in that molded amount in the event an appeal is not filed from this opinion and order within 30 days from the date of the docketing of this order.